**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **TXSATMAPS, LLC** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:10-cv-692** |
| | § | **JUDGE SCHNEIDER** |
| **EAST TEXAS COUNSEL OF** | § | |
| **GOVERNMENTS,** | § | |
| | § | **JURY DEMANDED** |
| *Defendant*. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

> Please restate each instruction before furnishing the requested information.
>
> Any differences between parties as to the response(s) to any matter must be set forth in this report.

1.   State where and when the conference required by FED. R. CIV. P. 26(f)  was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email address.

     The Rule 26(f) conference was held by telephone on May 25, 2011.  The following attorneys participated:

     For the Plaintiff:
     Timothy W. Johnson
     Matthews, Lawson & Johnson, PLLC
     2000 Bering Dr., Suite 700
     Houston, Texas 77057
     SBN: 24002366
     Telephone: (713) 355-4200
     Facsimile: (713) 355-9689
     tjohnson@matthewsfirm.com

     For the Defendant:
     Lance Vincent
     Ritcheson, Lauffer & Vincent, P.C.
     821 ESE Loop 323, Ste. 530
     Tyler, TX 75701
     Telephone: 903.535.2900
     Facsimile: 903.533.8646
     lancev@rllawfirm.net; gayf@rllawfirm.net

2.   List the name, address, bar number, phone and fax numbers, and email address of counsel

and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties.  Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.

Appearing for the Plaintiff:
Timothy W. Johnson
SBN: 24002366
tjohnson@matthewfirm.com

C. Vernon Lawson
SBN:
vlawson@matthewsfirm.com

Matthews, Lawson & Johnson, PLLC
2000 Bering Dr., Suite 700
Houston, Texas 77057
Telephone: (713) 355-4200
Facsimile: (713) 355-9689

Appearing for the Defendant:
Lance Vincent
SBN: 20585580
lancev@rllawfirm.net; gayf@rllawfirm.net
821 ESE Loop 323, Ste. 530
Tyler, TX 75701
Telephone: 903.535.2900
Facsimile: 903.533.8646

3.    List any related cases pending in any state or federal court.  Include the case numbers, the courts, and how they are related.

There are no related cases pending at this time.

4.    Briefly describe in 3 pages or less:  (a) What this case is about and (b) Each claim or defense.

Plaintiff's Statement:

This is an action for copyright infringement.  Plaintiff is the holder of the copyright in a printed publication entitled "GPS Maps, Anderson County Roads & Private Roads & Roads by Name" (hereinafter "Anderson County Roads Publication").  The Anderson County Roads Publication provides, among other things, a detailed road and area map of Anderson County, Texas.  In 2008, ETCOG and/or its agents engaged in an endeavor to update and map the counties and areas within their region including Anderson County, Texas.  On its website at www.etcog.org/419/GIS-Mapping.htm ETCOG identifies as a recently completed project the "Development of the Anderson County Emergency Services

and General Road Map".   As part of this endeavor, ETCOG procured a copy of the Anderson County Roads Publication and copied all or substantial portions of the maps that are contained in the Anderson County Roads Publication by among other things copying the maps into an electronic system that is used by ETCOG and/or sold by ETCOG to the public.  This activity was not authorized by the Plaintiff and is a violation of the exclusive rights in the copyright held by the Plaintiff.

Defendant's Statement:

Defendant ETCOG is a governmental unit organized under the laws of the State of Texas. As a governmental unit Defendant is entitled to sovereign immunity which protects Defendant from both liability and suit.  Defendant contends that Plaintiff's claims of copyright infringement are barred as a matter of law.

In addition, Defendant denies that it took any action which constituted an infringement of Plaintiff's copyright.  Defendant further denies that it otherwise utilized Plaintiff's printed publication, mapping of the counties referenced by Plaintiff or copied the maps for use in the ETCOG digital information system.  Finally, Defendant denies that it sold the maps or work product generated by Plaintiff to the general public.

5.     List the correct names of the parties to the action.

       Plaintiff:      TxSatMaps, LLC
       Defendant:    East Texas Council of Governments

6.     List anticipated additional parties that may be included, when they might be added, and  by whom.

       Plaintiff's Statement:

       Plaintiff believes that additional parties may need to be added in this litigation to the extent that discovery indicates that Defendant transferred the electronic mapping information derived from the Plaintiff's copyrighted work to other entities who are also making the information publicly available.

7.     List anticipated intervenors.

None known at this time.

8.   State whether each party represents that it has made the initial disclosures required by Rule 26(a)(1) (other than those pertaining to damages). If not, describe the arrangements that have been made to complete the disclosures.

The parties have not made their initial Rule 26(a)(1) disclosures but have agreed to make such disclosures by July 8, 2011.

9.   Describe the proposed discovery/case management plan, including:

(a)   In accordance with Rule 26(f):

(1)   Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(f).

The parties do not anticipate any changes to the timing, form or requirement for disclosures under Rule 26(f).

(2)   The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on limited issues.

Plaintiff's subjects for discovery include copyright infringement; the extent of the copying, use and disclosure of the copied material; information relating to Defendant's allegations of Eleventh Amendment Immunity; and damages.

(3)   The need for specific limits on discovery relating to Claim Construction, including depositions of fact or expert witnesses.

Claim construction discovery is not applicable in this case.

(4)   Any issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced.

The parties agree that electronic documents can, to the extent possible, be produced in the document's native format or, upon request by the receiving party, in another format such as PDF.

(5)   The steps already taken or that will be taken for preserving discoverable information, including ESI.

Plaintiff has taken steps to preserve discoverable information including sequestering relevant information.

(6)   Any issues relating to claims of privilege or protection,  including whether any agreement has been reached as to inadvertent production.

The parties do not anticipate any issues but have not reached an agreement with respect to inadvertent production.

(7)     Whether the Court should authorize the filing under seal of any documents containing confidential information.

The parties intend to submit a joint request for entry of a protective order for the protection of confidential information which will include provisions authorizing the filing of information covered by the order under seal.

(8)     Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.

The parties do not anticipate any such changes.

(b)     When and to whom plaintiff anticipates sending interrogatories.

Plaintiff anticipates sending interrogatories to the Defendant early in the case.

(c)     When and to whom defendant anticipates sending interrogatories.

(d)     Of whom and by when plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking corporate representative depositions as well as the individuals involved with the Defendants development of Anderson County maps.

(e)     Of whom and by when defendant anticipates taking oral depositions.

(f)     When plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

The Parties intend to meet the proposed deadlines included in the Court's Order setting the scheduling conference.

(g)     When plaintiff (or the party with the burden of proof on an issue) anticipates taking expert depositions and the anticipated completion date.

The Parties intend to meet the proposed deadlines included in the Court's Order setting the scheduling conference.

(h)     When the opposing party anticipates taking expert depositions and the anticipated completion date.

The Parties intend to meet the proposed deadlines included in the Court's Order setting the scheduling conference.

(i)     Whether there should be separate deadlines for the completion of fact discovery and expert discovery.

The parties do not believe that there should be separate deadlines for the completion of fact discovery and expert discovery.

(j)     If the parties disagree on any part of the discovery plan, describe the opposing views.

There is no such disagreement.

10.     Specify any discovery beyond the initial disclosures that has taken place to date.

In response to informal requests from the Plaintiff, Defendant has provided documents relating to the services that Defendant provides its members and audit reports from Defendant's auditor.

11.     State the date the planned discovery can reasonably be completed.

The Parties intend to meet the proposed deadlines included in the Court's Order setting the scheduling conference.

12.     State the progress made toward settlement, and the present status of settlement negotiations by providing the information set out below.[1]

The parties have not yet entered into settlement discussions.  Defendant's motion to dismiss the case based on Eleventh Amendment Immunity is pending and the parties do not believe that settlement negotiations will be productive while the motion is pending. Moreover, the parties believe that initial discovery is necessary before any negotiations can begin.

a.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.

During the conference the parties discussed the possibility for a prompt settlement and agreed that the pending motion to dismiss would need to be resolved before any such negotiations would be productive.

b.     Describe what each party has done or agreed to do to bring about a prompt resolution of this case.

The parties have agreed to discuss settlement after the court has ruled on the pending motion to dismiss and after initial discovery is completed.

c.     State whether a demand and an offer have been made.

No demand or offer has been made.

---

[1] This must be a detailed answer. Do not submit a generic recitation that settlement was discussed but was unsuccessful.

13. From the attorneys' discussions with their client(s), state the alternative dispute resolution technique (e.g., mediation, arbitration, or summary jury trial) that would be reasonably suitable for resolving this case and when it would be most effective (e.g., before discovery, after limited discovery, at the close of discovery).

    Plaintiff believes that a mediation after initial discovery would be appropriate in this case.

    Defendant agrees.

14. If mediation is the preferred ADR technique and the parties have agreed on a specific mediator, state the name and address of the mediator.

    The parties have not yet agreed on a mediator in this case but are confident that an agreement can be reached.

15. State whether a Claim Construction Prehearing Conference should be held after the parties file the Joint Claim Construction and Prehearing Statement provided for in P.R. 4-3.

    Not applicable.

16. State whether the parties anticipate live testimony at the Claim Construction Hearing.

    Not applicable.

17. State the proposed order of presentation at the Claim Construction Hearing.

    Not applicable.

18. Specify the number of hours each party needs for the Claim Construction Hearing.

    Not applicable.

19. State whether a jury demand has been made and if it was made on time.

    A jury demand was timely made.

20. Specify the number of hours it will take to present the evidence in the trial of this case.

    The parties anticipate four full days for trial.

21. List any pending motions that could be ruled on at the Scheduling Conference.

    Defendant's pending motion to dismiss this lawsuit on the grounds that under the Eleventh Amendment to the United States Constitution, Defenda

22. List all other pending motions.

    There are no other pending motions.

23. Indicate other matters peculiar to this case, including discovery, that deserve the special

attention of the Court at the Scheduling Conference.

The parties do not foresee any peculiarities to this case that require the special attention of the Court at the Scheduling Conference.

24.     Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 3 in the **Order to Meet, Report and Appear at Scheduling Conference**, listing the date of the original and any amendments.

On May 2, 2011, Plaintiff filed its Disclosure of Interested Parties.

Defendant contends as a governmental entity pursuant to Rule 7.1 Tex. Rules Of Civ. Proc. it is not required to file such disclosure.

25.     <u>Proposed Dates for Scheduling</u>. Please review  the proposed deadlines for many of the pretrial events (listed below) that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance in  (1) formulating answers to the other parts of this questionnaire and (2) scheduling the events preceding the Claim Construction Hearing and the trial. The Scheduling Order that will be entered at the Scheduling Conference will necessarily be more specific, more detailed, and contain additional matters and discovery limitations. The Court's suggested dates and events may be appropriate for this case. <u>If not</u>, please propose suggested modifications that the parties believe are suited for this lawsuit.

**As indicated below by asterisks, some dates and events are "firm" and are not to be changed due to limited judicial resources and the Court's calendar.**

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PARTIES' PROPOSED DATES |
|---|---|---|
| **Rule 26(f) meeting*** | **May 25, 2011** | May 25, 2011 |
| Deadline to file Motion to Transfer Venue | March 25, 2011 | March 25, 2011 |
| **File case management plan*** | **June 1, 2011** | June 1, 2011 |
| Deadline to serve Disclosure of Asserted Claims and Infringement Contentions (P.R. 3-1 and 3-2) | NA | NA |
| **Rule 16(b) scheduling conf.*** | **June 8, 2011** | June 8, 2011 |
| Rule 26(a)(1) initial disclosures (except damages, unless the parties agree otherwise) | July 8, 2011 | July 8, 2011 |
| Deadline to serve Invalidity Contentions (P.R. 3-3 and P.R. 3-4) | NA | NA |

| | | |
|---|---|---|
| Deadline to add additional parties | July 22, 2011 | July 22, 2011 |
| Deadline to amend pleadings.  Parties must request leave pursuant to P.R. 3-6(b) if the amended pleadings will affect infringement or invalidity contentions.  A request for leave is also required if the amendment seeks to add a new patent.  Otherwise, leave is not required. | July 22, 2011 | July 22, 2011 |
| Deadline to respond to amended pleadings | | August 11, 2011 |
| Exchange proposed terms for construction (P.R. 4-1) | NA | NA |
| Exchange privilege logs | September 8, 2011 | September 8, 2011 |
| Exchange preliminary claim construction and extrinsic evidence (P.R. 4-2) | NA | NA |
| Deadline to file Joint Claim Construction and Prehearing Statement (P.R. 4-3) | NA | NA |
| Deadline to file agreed list of proposed technical advisors (limit three) | NA | NA |
| Discovery Deadline–Claim Construction | NA | NA |
| Deadline to file optional tutorial | NA | NA |
| Deadline to file opening Claim Construction brief (P.R. 4-5(a)) | NA | NA |
| Deadline to file response to Claim Construction brief (P.R. 4-5(b)) | NA | NA |
| Deadline to file Motion for Summary Judgment of Indefiniteness | NA | NA |
| Deadline to file reply to Claim Construction brief (P.R. 4-5(c)) | NA | NA |
| Deadline to file response to Motion for Summary Judgment of Indefiniteness | NA | NA |
| Deadline to file reply to Motion for Summary Judgment of Indefiniteness | NA | NA |
| Deadline to file Claim Construction chart (P.R. 4-5(d)) | NA | NA |

| Claim Construction Hearing (i.e. *Markman* hearing) (P.R. 4-6)* | **NA** | NA |
|---|---|---|
| Rule 26(a)(1) initial disclosures related to damages | | October 7, 2011 |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof | October 7, 2011 | October 7, 2011 |
| Deadline to disclose willfulness opinions (P.R. 3-7) | NA | NA |
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof | November 8, 2011 | November 8, 2011 |
| Deadline to notify the Court of a mediator | November 8, 2011 | November 8, 2011 |
| Discovery deadline | December 8, 2011 | December 8, 2011 |
| Deadline to complete **required** Mediation | December 15, 2011 | December 15, 2011 |
| **Deadline to file dispositive motions (including *Daubert* motions)*** | **December 21, 2011** | December 21, 2011 |
| Deadline for pretrial disclosures | February 8, 2012 | February 8, 2012 |
| Deadline to file Joint Pretrial Order, motions in limine & proposed jury instructions (or proposed findings of fact & conclusions of law) | March 8, 2012 | March 8, 2012 |
| **Pretrial Conference & trial scheduling*** | **April 2, 2012 at 9:00 am** | April 2, 2012 at 9:00 am |

Respectfully submitted,

/s/ Lance Vincent

Lance Vincent

SBN: 20585580
lancev@rllawfirm.net; gayf@rllawfirm.net
821 ESE Loop 323, Ste. 530
Tyler, TX 75701
Telephone: 903.535.2900
Facsimile: 903.533.8646

/s/ Timothy W. Johnson w/permission

Timothy W. Johnson
SBN: 24002366
tjohnson@matthewfirm.com

C. Vernon Lawson
SBN:
vlawson@matthewsfirm.com

Matthews, Lawson & Johnson, PLLC
2000 Bering Dr., Suite 700
Houston, Texas 77057
Telephone: (713) 355-4200
Facsimile: (713) 355-9689