**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| TXSATMAPS, LLC | § | |
| | § | |
| | § | |
| | § | |
| v. | § | CASE NO. 6:10-CV-692 |
| | § | |
| | § | |
| EAST TEXAS COUNSEL | § | |
| OF GOVERNMENTS | § | |

**SCHEDULING/DOCKET CONTROL ORDER**

Based on a review of the case, and in accordance with the parties' Proposed Rule 26(f)

Scheduling Order, the Court finds that a Scheduling Conference is not necessary in this case and

enters this case specific order which controls disposition of this action pending further order of

the Court.  **Accordingly, the scheduling conference set for June 8, 2011 is cancelled.**

**I.   SUMMARY OF CRITICAL DATES**

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Rule 26(a)(1) initial disclosures (¶ 1) | July 8, 2011 |
| Deadline to add additional parties (¶ 2) | July 22, 2011 |
| Deadline to amend pleadings (¶ 2) | July 22, 2011 |
| Deadline to file motions to dismiss (¶ 3) | August 8, 2011 |
| Exchange privilege logs (¶ 4) | September 8, 2011 |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof (¶ 5) | October 7, 2011 |

| | |
|---|---|
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof (¶ 5) | November 8, 2011 |
| Deadline to notify court of mediator (¶ 7) | November 8, 2011 |
| Discovery deadline (¶ 6) | December 8, 2011 |
| Deadline to complete **required** mediation (¶ 7) | December 15, 2011 |
| Deadline for dispositive motions (¶ 8) | December 21, 2011 |
| Deadline for pretrial disclosures (¶ 9) | February 8, 2012 |
| Deadline to file pretrial materials (¶ 10) | March 8, 2012 |
| Pretrial conference and trial setting (¶ 12) | April 2, 2012 at 9:00 a.m. |

## II.  SCHEDULING INSTRUCTIONS

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and the local rules of this Court (except as modified herein), the Court, having considered the joint report submitted by the parties, finds that the schedule set forth above should govern the disposition of this case.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed.

> **Please note that to the extent possible the Court has attempted to adhere to the schedule requested by the parties.  In so doing, the Court assumes that the parties thoroughly discussed scheduling issues prior to submitting their joint report and that the parties understand that the deadlines imposed in this order are firmly in place, absent the few exceptions set forth below.**

**1.** **Rule 26(a)(1) Disclosures:** Without waiting for a request, the parties must

Page 2 of 10

exchange a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and *__that is__* *__relevant to the claim or defense of any party__*. Because documents relevant to any claim or defense are to be produced, requests for production are unnecessary.  However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

2.      **Joinder of Parties or Amendment of Pleadings:** By **July 22, 2011,** all joinder of additional parties or amendments of pleadings must be filed. Fed.R.Civ.P. 16(b)(1).

3.      **Motions to Dismiss**: By **August 11, 2011**, all motions asserting defenses under **Rule 12(b)(6)** must be filed.  (Unless otherwise noted, all references to Rules in this order refer to the Federal Rules of Civil Procedure.)

4.      **Privilege Logs:** By **September 8, 2011**, the parties must exchange privilege logs indicating any material information otherwise discoverable that is being withheld as privileged. Fed.R.Civ.P. 26(b)(5).


5.      **Experts:**

        a.      **Designation of Expert(s) and Report(s) by Party With the**

**Burden of Proof:** Unless otherwise stipulated or directed by order, each party must file a written designation of the name and address of each **expert witness** who will testify at trial on each issue for which that party bears the burden of proof. The party must also otherwise comply with Rule 26(a)(2) — including disclosure of the expert report(s) — on or before **October 7, 2011.**

b.     **Designation of Expert(s) and Report(s) on Issues on Which the Party Does Not Bear the Burden of Proof:** Each party must file a written designation of the name and address of each **expert witness** who will testify at trial on each issue for which that party does not bear the burden of proof. The party must also otherwise comply with Rule 26(a)(2) — including disclosure of the expert report(s) — on or before **November 8, 2011.**

c.     **Rebuttal Expert(s):** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) must be made within **30 days** after the disclosure made by the other party. Fed.R.Civ.P. 16(b)(1).

d.     **Challenges to Experts:** The parties are directed to file any objections to, or motions to strike or exclude expert testimony no later than **December 21, 2011.** *See* ¶ 8.

6.     **Completion of Discovery:**     By **December 8, 2011,** all **discovery**—including discovery concerning expert witnesses—must be completed. The parties may agree to extend this discovery deadline, provided (i) the extension **does not affect** the trial setting, dispositive motions deadline, challenges to experts deadline, or pretrial submission dates; and (ii) **written notice** of the extension is given to the Court.

7.     **Mediation:** The parties must file a **Joint Report** informing the Court of their choice of an agreed-upon mediator by **November 8, 2011.** In the

event the parties are unable to agree upon a mediator, the parties must file a notice indicating the deadlock**.** The parties will be required to mediate their case pursuant to the Court-Annexed Mediation Plan by **December 15, 2011.** Local Rule App. H.

8.  **Dispositive Motions:**  By **December 21, 2011,** all motions that would dispose of all or any part of this case (including motions for **summary judgment and *Daubert* motions**) must be filed.

9.  **Pretrial Disclosures and Objections:** Unless otherwise directed by order, the parties must make the disclosures required by Rule 26(a)(3)(A) by **February 8, 2012.** With respect to the identification of witnesses who will be called by deposition, the parties must also identify the portions of the deposition transcript that they intend to use. Within **14 days thereafter,** a party must serve a list disclosing any **objections**, together with the grounds therefor, to: (i) the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(B); (ii) the admissibility of materials identified under Rule 26(a)(3)(c)); and (iii) the use of any witnesses (except for expert objections) identified under Rule 26(a)(3)(A)[1], if any. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the court for good cause.

---

[1]Requiring parties to file objections to witnesses disclosed under Rule 26(a)(3)(A) is a modification of the requirements of Rule 26(a)(3)(A), which only requires that the parties file objections to deposition designations (Rule 26(a)(3)(B)) and exhibits (Rule 26(a)(3)(C)).

10.    <u>Pretrial Materials:</u> By **March 8, 2012,** all **pretrial materials** must be

filed. Specifically, by this date:

a.    <u>**Pretrial Order:**</u> A **joint proposed pretrial order** must be submitted by Plaintiff's attorney. *See* Local Rule App. D. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney must submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is **not an excuse for submitting separate pretrial orders.** When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

b.    <u>**Witness List:**</u> A **list of witnesses** must be filed by each party (a sample form is available on the Court's website, www.txed.uscourts.gov). The list must divide the persons listed into groups of **"will call," "may call," and "may, but probably not call"** and which provides:

(i)    the **names and addresses** of each witness;

(ii)    a **brief narrative summary** of the testimony**;**

(iii)    whether the witness has been **deposed**; and

(iv)    the **expected duration** of direct and cross-examination of the witness.

c.    <u>**Exhibit List and Deposition Testimony Designation:**</u> A **list of exhibits (including demonstrative exhibits)** and a **designation of portions of depositions** to be offered at trial must be filed by each party. The list of exhibits must describe with specificity the documents or things in numbered sequence. Exhibits must be numbered numerically and in succession, and must be marked with the case number. They must be marked <u>**before trial**</u> with official exhibit stickers. If there are multiple parties, exhibit numbers must be followed by the party's last name, i.e., "1-Jones" or "1-Miller." **<u>WHENEVER A MULTI-PAGE-EXHIBIT IS USED, EACH PAGE OF AN EXHIBIT MUST BE SEPARATELY NUMBERED</u>. FOR EXAMPLE, IF PLAINTIFF'S EXHIBIT 1 IS A THREE-PAGE DOCUMENT, THE FIRST PAGE SHOULD BE MARKED AS "1-1," THE SECOND PAGE**

**MARKED AS "1-2," AND THE THIRD PAGE MARKED AS "1-3."**

Each party must also file written objections to the opposing parties' exhibits

**(i)**     the parties agree to the admissibility of the exhibits; or

**(ii)**    the admissibility of the exhibit is objected to, identifying the nature and legal basis of any objection to admissibility, and the name(s) of the party or parties urging the objection.

All parties must cooperate in causing such statement to be prepared in a timely manner for filing with the exhibit lists. Counsel for the party proposing to offer an exhibit will be responsible for coordinating activities related to preparation of such a statement as to the exhibit the party proposes to offer. The Court may exclude any exhibit offered at trial unless such a statement regarding the exhibit has been filed in a timely manner.

d.     **Jury Instructions:** Proposed jury instructions and verdict forms must be filed jointly. If the parties disagree on a proposed instruction, Plaintiffs should italicize their proposed language, and Defendants should underline their proposed language. The basis for and legal authority supporting each party's proposed language should be set forth in footnotes.

e.     **Proposed Findings of Fact and Conclusions of law:** In a **non-jury** case, **proposed findings of fact and conclusions of law** must be filed by each party. Counsel should draft proposed findings in neutral language, avoiding argument, and identifying the evidence expected to establish each finding. Counsel should set forth the proposed findings of fact and conclusions of law in separate sections composed of concise and separately numbered paragraphs.

f.     **Limited Number of Motions in Limine:** Motions in Limine should not be filed as a matter of course. **Parties may file motions in limine** on no more than **TEN discrete topics** (no subparts) that are actually in dispute. (Good faith compliance with the conference requirements of Local Rule CV-7(h) will help to narrow issues that are *actually* in dispute.) The Court will strike all motions in limine

that contain boilerplate requests, that exceed ten topics, or that cover undisputed issues. The moving party must promptly notify the Court in the event the parties resolve any of the motions in limine.

g.      **Voir Dire:** The parties must file any **proposed voir dire questions** which the Court is requested to ask during its examination of the jury panel.

h.      **Trial Briefs: Trial briefs** may be filed by each party. In the absence of a specific order of the Court, trial briefs are not required, but are welcomed. The briefing should utilize Fifth Circuit and/or Supreme Court authority or relevant state authority to address the issues the parties anticipate will arise at trial.

11.     **Exchange of Exhibits:** No later than **three business days before the pretrial conference,** counsel for each party intending to offer exhibits must **exchange a complete set** of marked exhibits (including demonstrative exhibits) with opposing counsel. At the pretrial conference, the Parties must submit to the Court two binders with copies of their marked exhibits.

12.     **Pretrial Conference:** A **pretrial conference** in the case is set for **April 2, 2012, at 9:00 a.m.** in Tyler, Texas. Lead counsel for each party must attend, or, if the party is proceeding *pro se,* the party must attend. Fed.R.Civ.P.16 (c),(d). Lead counsel and *pro se* parties must have authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All pretrial motions not previously decided will be addressed at that time, and procedures for trial will be discussed. At the final pretrial conference, the parties will be assigned a specific trial date beginning within four weeks of

the pretrial conference. Parties should be prepared to conduct jury selection at any time after the pretrial conference.

13.   **Modification of Scheduling Order:** As addressed above, this order will control the disposition of this case unless it is modified by the Court upon a showing of **good cause** and by **leave of court.** Fed.R.Civ.P. 16(b). Any request that the **trial date** of this case be modified must be made **in writing** to the Court **before** the deadline for completion of discovery.

14.   **Sanctions:** Should any party or counsel fail to cooperate in doing anything required by this order, such party or counsel or both may be subject to sanctions. If the *plaintiff* does not timely file the required pretrial material, the case will be dismissed. If the *defendant/third party* does not timely file the required (or other) pretrial material, a default will be entered or the defendant/third party will not be permitted to present witnesses or exhibits at trial. Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f). **Failure to list a witness, exhibit, or deposition excerpt as required by this order** will be grounds for exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses, exhibits, or deposition excerpts for rebuttal will be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

   **It is SO ORDERED.**

**SIGNED this 7th day of June, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE